*LACROIX* vs. *MENARD*, & *AL.*

Eastern Dist.
*January* 1829

**APPEAL** from the court of the first district.

**PORTER, J.** delivered the opinion of the court. The minor heirs of one Dalon, prayed an appeal in the court of the first instance from a judgment rendered in said court, which had been already appealed from by the parties thereto, and confirmed in this tribunal. In the petition addressed to the court below, it is stated that the object of the appeal is to have the judgment rendered here amended in certain matters which materially affect the interest of the minors.

When there has been an appeal and judgment in the appellate court, third parties cannot have the case again examined on appeal.

7ns345
48  356
48  422

Notice of this demand was given to the plaintiffs, but they failed to appear or make any objection to it. The court however considered the mode of proceeding irregular, and refused the appeal. From that decision this appeal is taken.

This court has already decided, that when persons, not parties to a judgment, appealed from it, they must allege and prove in the court of the first instance, their right to do so. That is, that they were aggrieved by it. The correctness of this mode of carrying the 57th article of the code of practice into effect has

LAOROIX
vs.
MENARD &
AL.

been strongly contested in argument. But after much reflection we do not see what other course can be adopted. The fact, of a party being aggrieved by a judgment rendered between others, is an indispensable condition to his right of appealing. That right must be established some where, before the correctness of the judgment complained of, can be examined into. It cannot be tried in this court, and it must be in that below, or the statute would become a dead letter.

There is nothing in this doctrine which in the least degree clashes with the provisions of the 904th article of the code of practice, for if it appears on trying the party's right to appeal in the court below, that he is a creditor who did not prove his debt in the first instance, his appeal in behalf of the debtor, will be rejected·

But the present case is different from any other yet presented to this court under the provision of the code of practice, for there has already been an appeal by the parties to the suit, and final judgment rendered between them in this tribunal. We do not believe the legislature intended to give more than one appeal from the judgments of inferior courts. The provisions of the 571st article, are under-

stood by us to apply to cases, where the parties to the suit choose to acquiesce in a judgment by which other persons may be injured, and to protect these persons, by enabling them to obtain the revision of such judgment in the appellate tribunal. This application in truth, is to obtain an appeal from our judgment, not from that of the court which decided the cause in the first instance. A decree of an inferior court if opened by an appeal, remains so during its pendency; and unless the appeal be dismissed is never restored. If reversed, the judgment rendered in the appellate tribunal could not be called the judgment of the court below. Nor could it be confirmed. In either case, the execution would be that of the court of the last instance, as is expressly provided by the code of practice. We are of opinion we have no power to reverse our judgments in the way attempted here; and that the judgment of the district court must be affirmed with costs. *Code of prac.* 618, 623, 629.

It is therefore ordered and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for the plaintiff—*Denis* for the defendant.